MARY J. GARNSEY *vs.* JULIA A. GARNSEY, Adm'x.

York.    Opinion July 21, 1917.

*Joint and several promissors.   Rules.   Consideration.   Effect of
a mere naked promise to release obligors.*

Action of assumpsit on a contract signed by two sons of the plaintiff.   The plain-
tiff is the widow of Amos Garnsey, whose will was proved and allowed April 5,
1898 in the Probate Court for York county.   Frederic A. Garnsey and Almon E.
Garnsey, two sons of the testator, were appointed as executors without bonds,
as requested in the will.   Julia A. Garnsey, the present plaintiff and the widow
of Amos Garnsey, waived her rights as widow and in lieu thereof accepted the
agreement signed by the two sons, upon which this action is brought.

*Held:*

1.   That the agreement between the plaintiff and the two executors and trustees,
of which the plaintiff waived the right to have her share in the estate of her
husband, was sufficient consideration for the execution by the executors and
trustees of the agreement to pay the widow according to the terms of the agree-
ment declared upon.

2.   A mere statement by the widow that she intended to release, or did release,
the signers of the agreement without any consideration moving from any one
for the promise did not discharge the debt and obligation incurred by the
agreement.   The debt was created by contract for a sufficient consideration.
It can be discharged by contract for a sufficient consideration, but a naked
promise to release without consideration is not a discharge.

3.   That if the plaintiff did not know that suit had been brought upon the agree-
ment, she had power to ratify the act of bringing the suit, even if she did not
give authority in the beginning.

Action of assumpsit to recover certain amounts due under an
agreement signed by the two sons of the plaintiff.   Plea of general
issue, together with brief statement, was filed by Julia A. Garnsey,
one of the defendants.   At the close of the evidence, in accordance
with the agreement of the parties, this case was reported to the Law
Court upon the writ, pleadings and so much of the evidence as legally
admissible, the Law Court to render such final judgment therein as
the legal rights of the parties require.   Judgment in accordance with
opinion.

*Lucius B. Swett, and Mathews & Stevens,* for plaintiff.

*Allen & Willard,* for defendant.

SITTING: CORNISH, C. J., BIRD, HALEY, HANSON, MADIGAN, JJ.

HALEY, J. An action of assumpsit on a contract in writing of the following tenor:

"Sanford, Maine, May 2, 1898.

For value received we jointly but not severally promise to pay to our mother, Mary J. Garnsey, annually, during her life, an amount equal to the interest paid by the Kennebec Light & Heat Company on $3800 face value five per cent bond, maturing in the year 1918.

F. A. GARNSEY.
A. E. GARNSEY."

The action is brought by Mary J. Garnsey, the promisee named in the contract, against Almon E. Garnsey, one of the signers, and Julia A. Garnsey, administratrix of the estate of Fred A. Garnsey, the other joint promissor. The case is before this court upon report.

The plaintiff is the widow of Amos Garnsey, whose will was proved and allowed April 5, 1898, in the Probate Court for York county, and Frederic A. Garnsey and Almon E. Garnsey, two sons of the testator, were appointed as executors, without bonds as requested in the will. Julia A. Garnsey, the administratrix of Frederic A. Garnsey, is made defendant, and Almon E. Garnsey, one of the executors of Amos, is the other defendant. The will of Amos Garnsey, by item 1 devised and bequeathed to his two sons, they being all his legal heirs, all the securities which he owned at the time of his decease, including stocks, bonds, notes and other securities of a similar character, to be held by them, or the survivor of them, in trust for the following purposes:

"1. To pay the income thereon as it accrues, to my wife, Mary Jane Garnsey, in her life for her own use and disposition."

"2. Upon the decease of my said wife to divide the securities between my two sons, or their heirs by right of representation. I give my said trustees power to reinvest any monies, which may come into their hands in payment of the securities, upon consultation with their mother, and with her written consent, to change any investments, which they and she shall deem it for the interest of all concerned." . . . . . . .

"II.　All the rest and residue of my estate of whatever name or nature or wherever situate, I give, devise and bequeath to my two sons, Frederic A. Garnsey and Almon E. Garnsey, in equal shares, to them, their heirs by right of representation and assigns forever."

The inventory returned shows $12,700 real estate, personal estate $41,600, and the bonds of the Kennebec Light & Heat Company mentioned in the agreement were not included in the inventory, but they were a part of the estate of Amos Garnsey, and were converted by the two executors and the proceeds used to pay indebtedness of the estate. The will expressed the wish that the parties legally interested under the will make a division of the property according to the terms of the will, and prevent or dispense with proceedings in the Probate Court. The parties interested under the will were the two sons and the widow. There were no other heirs, and it is evident that they attempted to adjust the matters without having the estate fully administered upon. The will was proved and allowed April 5, 1898, and there was no account filed in the Probate Court until November 21, 1913, some fifteen years after the will was proved, and that account was never settled.

It is objected that there was no consideration for the agreement. The consideration is clearly proved. The two executors converted the bonds mentioned in the agreement, and, according to the claim of counsel and the testimony, they used the proceeds to pay debts and claims upon real estate which was devised to them at the death of their mother. The plaintiff, as the widow of Amos Garnsey, had a right to waive the provisions of the will, and to claim one-third interest in the real estate, which was undoubtedly worth four thousand dollars, and also entitled to a third of the rights and credits after the debts of the estate were paid. But, instead of doing that, she gave her approval of the will by releasing $3800 worth of bonds so the executors might pay the debts of the estate and preserve it for themselves as residuary legatees. By the agreement between the plaintiff and the executors and trustees, the plaintiff waived the right to have them hold $3800 worth of bonds, and she be paid the income therefrom during life, and accepted in lieu thereof the personal obligations of the two executors and trustees to pay her the amount she would have received as interest on the bonds, and thereby they were permitted and authorized to convert those bonds into money, which they did and reduced the indebtedness upon the real estate that was

to descend to them at the death of their mother by the provisions of the will of their father. That was a sufficient consideration for the execution by the executors and trustees of the agreement to pay the widow according to the terms of the agreement declared upon.

It is the claim of the defendant, Julia A. Garnsey, administratrix, that the plaintiff has released her as administratrix of her husband from the contract, even if there was a sufficient consideration when given by the two sons to the mother. She testifies at one time the plaintiff told her she did not want her to pay the obligation, "didn't expect me to pay; she didn't need it and I needn't worry anything about it; she was going to give it to me. She said she was going to give it to Almon, she was giving it to me; she intended to use us just alike; that on several times the plaintiff stated that she did not expect her to pay it, and didn't want her to." Upon the other hand, the plaintiff is positive she never told her she did not expect her to pay anyting on it and did not want her to, and that she never said any such thing, and that she did expect it.

The circumstances of the case tend to support the testimony of the plaintiff. But, even if she did say that which Julia A. Garnsey claims she said to her, it was not a release of the estate of Fred A. Garnsey from the obligation that he had signed. It was, at most, if the defendant's version is right, a mere verbal promise without consideration and of no binding effect. In order for it to release the estate of Fred A. Garnsey from the contract made and signed by him, it was necessary to be a promise upon a sufficient consideration. There was no consideration moving from any one to Mary A. Garnsey to release the estate of Fred A. Garnsey from his contract. A mere statement by a creditor that he intends to release, or that he does release, a debtor, there being no consideration moving from any one for the promise, the debt is not thereby discharged. The debt was created by contract for a sufficient consideration. It can be discharged by contract for a sufficient consideration, but a naked promise to release without consideration is not a discharge.

It is urged that this suit is prosecuted by the defendant, Almon E. Garnsey, one of the joint promissors, without the consent of his mother. The plaintiff is an old lady and has to rely upon some one. He is her only son, and it does appear that she relies to a certain extent upon his advice. She signed, of her own free will, the notice to the other defendant that the note must be paid. There is no

pretense of any duress or any fraud to induce her to sign that demand. She appears in court and prosecutes the suit. It is true she says she did not know until lately, referring to the time of trial, that a suit had been brought, but she ratified the act of her son if she did not give authority in the beginning, and we have no doubt from the testimony that she authorized the suit to be brought at the time it was brought. The promise declared upon was the joint promise of Almon E. Garnsey and Fred A. Garnsey, and by a judgment against both defendants either of the defendants can pay and have contribution from the other. The payments agreed to be paid were not interest, but yearly payments. They were payable annually, and each payment bore interest from the day it became due. *Swett* v. *Hooper*, 62 Maine, 54; *Whitcomb* v. *Harris*, 90 Maine, 211. The mandate must be judgment for plaintiff for $190 annually for the years declared upon, with interest at five per cent on the payments when they became due to the date of the writ, and interest on the total from the date of the writ to the date of judgment of the May term, 1917, to be cast by the clerk.

*Judgment for plaintiff.*